TAD A. DEVLIN  (SBN: 190355)
tdevlin@gordonrees.com
JOEL A. MORGAN  (SBN: 262937)
jmorgan@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY;
OFFICE DEPOT TEMPORARY
DISABILITY PLAN and OFFICE DEPOT LONG
TERM DISABILITY PLAN

CORINNE CHANDLER, ESQ. (SBN: 111423)
cchandler@kantorlaw.net
BRENT DORIAN BREHM, ESQ. (SBN: 248983)
bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA  91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff
JOHN CAMPOLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CAMPOLO, <br><br> Plaintiff, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY; OFFICE DEPOT TEMPORARY DISABILITY PLAN; OFFICE DEPOT LONG TERM DISABILITY PLAN; <br><br> Defendant. | CASE NO.  C10-05634 CW <br><br> **JOINT STIPULATION RE: PROTECTIVE ORDER RE: CONFIDENTIALITY OF INFORMATION, DOCUMENTS AND OTHER MATERIALS AND THINGS PRODUCED BY DEFENDANTS** |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff John Campolo ("Plaintiff") and Defendants Aetna Life Insurance Company ("Aetna"), Office Depot Temporary Disability Plan, and Office Depot Long Term Disability Plan (collectively the "Office Depot Plan") ("Aetna and the Office Depot Plan are collectively referred to herein as "Defendants") by and through their respective attorneys of record, as follows:

## RECITALS

A.  Plaintiff commenced this action, brought under the Employee Retirement Income Security Act (ERISA), 29 USC §1001 et seq., by the filing of a complaint against Defendants on December 13, 2010, in the United States District Court, Northern District of California, entitled John Campolo v. Aetna Life Insurance Company, et al., as Case No. CV10-05634 JCS ("Complaint"). The case was subsequently reassigned and the case number is now Case No. CV10-05634 CW.

B.  Plaintiff has served on Aetna a: 1) First set of Interrogatories, 2) Second set of Interrogatories, 3) First Request for Production of Documents, and 4) Second Request for Production of Documents. Plaintiff has served on the Office Depot Temporary Disability Plan a: 1) First set of Interrogatories, 2) Second set of Interrogatories, 3) First Request for Production of Documents, and 4) Second Request for Production of Documents. Plaintiff has served on the Office Depot Long Term Disability Plan a: 1) First set of Interrogatories, 2) Second set of Interrogatories, 3) First Request for Production of Documents, and 4) Second Request for Production of Documents.

C.  The discovery phase of this action may involve the disclosure of information and documents which Defendants believe to be protected as trade secrets, and/or other confidential and proprietary business, technical, and financial information; and

E.  Plaintiff and Defendants therefore stipulate under Rule 26(c) of the Federal Rules of Civil Procedure, and applicable decisional law regarding the treatment of trade secrets and confidential information.

## STIPULATION

1.  <u>Proceedings and Information Governed</u>. This Stipulation, and Court's Order

KANTOR & KANTOR, LLP
19839 NORDHOFF ST.
NORTHRIDGE, CA 91324

1  thereon, will govern any document, information, or other thing furnished or produced by any
2  party to this action, and shall mean and include Plaintiff John Campolo ("Plaintiff") and
3  Defendants Aetna Life Insurance Company ("Aetna"), Office Depot Temporary Disability Plan,
4  and Office Depot Long Term Disability Plan (collectively the "Office Depot Plan") ("Aetna and
5  the Office Depot Plan are collectively referred to herein as "Defendants"), and third parties, to
6  any other party in connection with this action, including Plaintiff or Defendants, which may be
7  produced in this action and designated by the producing party as "Confidential" information or
8  material as defined below.  The information protected includes, but is not limited to, information
9  produced in connection with Federal Rule of Civil Procedure 26, information contained in
10 responses to demands for identification and production of documents or other things; responses
11 to special interrogatories; deposition testimony and exhibits, including any documents or other
12 information or materials that may be produced prior, or subsequent, to any depositions; and all
13 copies, extracts, summaries, compilations, designations, and portions of the foregoing.

14     2.    <u>"Confidential" Information or Material Defined</u>.  For purposes of this Stipulation,
15 and Court's Order thereon, "Confidential" information or material will mean all information or
16 material that:

17     a.    Is produced for or disclosed to a receiving party (Plaintiff or Defendants);
18 and

19     b.    A party (Plaintiff or Defendants) reasonably and in good faith believes to
20 constitute or contain trade secrets or otherwise constitutes business proprietary and/or
21 confidential material, or other confidential research, development, or commercial information,
22 whether embodied in physical objects, documents, or other factual knowledge of persons, and
23 specifically shall include but not necessarily be limited to, the total number of peer reviews
24 performed by a consulting physician for Aetna, any agreements between Aetna and any peer
25 review physician(s), any agreements between and/or amongst Defendants and/or any predecessor
26 entity of Defendants pertaining to the administration of the short term and/or long term disability
27 plans sponsored and maintained by Office Depot, and any claim guidelines, written procedures,
28 or memoranda relating to Aetna's claims protocol or claims handling, business document

KANTOR & KANTOR, LLP
19839 NORDHOFF ST.
NORTHRIDGE, CA 91324

JOINT STIPULATION RE: PROTECTIVE ORDER                             CASE NO. C10-05634 CW

1  templates, documents reflecting Aetna's internal policies, procedures, rules and regulations,

2  bulletins, memoranda, training materials, and any and all writings reflecting same; and

3              c.      Has been designated as "Confidential" information or material by a

4  producing party in compliance with Paragraph 3 of this Stipulation, and Court's Order thereon,

5  and in advance of its production.

6       3.      Designation of "Confidential" Information or Material.  Any party may designate

7  "Confidential" information or material by stamping or affixing to the physical objects,

8  documents, discovery responses, or deposition transcripts a stamp or other inscription that states:

9  "Confidential" and the case number - "USDC – Northern District of California, Case No. CV10-

10 05634 CW."

11      For written material, documents, or other tangible items, the designation of any particular

12 page of written material shall mean that all information contained on that page is designated

13 "Confidential" unless otherwise indicated.  To the extent possible, such designation shall be

14 made so as not to interfere with the content of any such written material.  For information not

15 reduced to written material, document, or other tangible item, or information that can not be

16 conveniently designated as set forth in this paragraph, any party may designate the confidential

17 information by giving written notice to the receiving party at the time the confidential

18 information is produced.  The written notice must clearly identify that part of the information

19 being produced that is designated as "Confidential."

20      4.      Party's Own Information.  The restrictions on the use of "Confidential"

21 information or material established by this Stipulation, and Court's Order thereon, apply only to

22 the use by a party of "Confidential" information or material received from another party to this

23 action, or from a non-party to this action, and shall not apply to the use by a party of his/its own

24 information.

25      5.      Persons Authorized to Receive Confidential Information and Material.  For

26 purposes of this Stipulation, and Court's Order thereon, the term "qualified recipient" of

27 information and material that has been designated pursuant to the terms of this Stipulation, and

28 Court's Order thereon, shall mean:

1     (a) The parties to this action, including officers, directors, and other
2 employees of the party to whom disclosure of confidential information is deemed necessary by
3 that party for purposes of this action only;
4     (b) The attorneys of record in this action, attorneys employed in-house by or
5 on behalf of the parties, any attorneys retained by the parties in this action to consult on the
6 litigation, their respective partners, associates, clerks, legal assistants, secretaries, and
7 stenographic and support personnel, and such other persons retained by such attorneys to provide
8 litigation support services in this action;
9     (c) Any persons to whom the Court in this action orders that disclosures may
10 be made;
11    (d) Any other person with prior written consent of the designating party.
12 Each person to whom disclosure of confidential information is made agrees to be subject
13 to the jurisdiction of this Court solely for purposes of proceedings relating to that person's
14 performance under, compliance with, or violation of any Order entered by this Court in
15 connection with this Stipulation, and Court's Order thereon.
16    6.    Challenges to and Removal of "Confidential" Designation.  Nothing in this
17 Stipulation, and Court's Order thereon, shall preclude any party from challenging a designation
18 of any information or material as "Confidential" by any party.  If designated by a party as
19 "Confidential," information and material will be so treated for all purposes, and shall continue to
20 be treated as "Confidential" unless and until the Court rules to the contrary.
21    Any party may challenge or object to the designation as "Confidential" of any
22 information or material and/or seek removal of particular items of "Confidential" information or
23 material by giving counsel for all other parties written notice of her/ its intent to seek removal
24 within thirty days (30) of receipt of the information or material, which notice shall specify the
25 items of "Confidential" information and material for which removal is sought.  The written
26 notice shall have attached a copy of such designated material or shall identify each subject
27 document by production number or deposition page and shall state that the receiving party
28 objects to the designation.  Counsel for the objecting party shall then initiate a conference in

KANTOR & KANTOR, LLP
19839 NORDHOFF ST.
NORTHRIDGE, CA 91324

1 good faith in an effort to resolve any dispute concerning such designation. Counsel for the

2 designating party shall have fourteen (14) days from the date of service of the objection to

3 provide any reasons for justifying the designation.

4     If the objection cannot be resolved by agreement within twenty-one (21) days of the date

5 of service of the objection, the party objecting to the "Confidential" designation, may make a

6 motion to the Court, subject to the rules applicable to motions generally, to declassify such

7 information. No party to the action shall be deemed by treating information and/or material as

8 "Confidential" to have conceded that the information actually is "Confidential," however, the

9 party claiming classification of any information designated as "Confidential," shall have the

10 burdens of proof and persuasion on said issue.

11     For purposes of this Stipulation, and Court's Order thereon, "receipt" of an objection

12 made pursuant to this paragraph shall mean on completion of transmission, if service is made by

13 facsimile, on delivery, if service is made personally, two days after mailing, if service is made by

14 express mail or other means of overnight delivery, and five days after the date of mailing, if

15 service is made by regular mail.

16     7.    <u>Use of "Confidential" Information or Material</u>. Any information or material

17 designated as "Confidential" will be handled by the receiving party in accordance with the terms

18 of this Stipulation, and Court's Order thereon. Information and material designated as

19 "Confidential" will be held in confidence by the receiving party, will be used by each receiving

20 party for purposes of this action and trial only and not for any business, competitive or other

21 purpose, or any other legal action, unless agreed to in writing in advance by all parties to this

22 action or as authorized by further Order of the Court, and will not be disclosed to, or the

23 substance discussed with, any person who is not a qualified recipient.

24     8.    <u>Copies of "Confidential" Information or Material</u>. Nothing in this Stipulation, or

25 Court's Order thereon, shall prevent or otherwise restrict a qualified recipient from making

26 working copies, abstracts, summaries, digests and analyses of "Confidential" information or

27 material for use in connection with this action. All working copies, abstracts, summaries, digests

28 and analyses will also be considered "Confidential" under the terms of a Court's Order

KANTOR & KANTOR, LLP
19839 NORDHOFF ST.
NORTHRIDGE, CA 91324

1  approving this Stipulation.

2      9.    <u>Transmission of "Confidential" Information or Material</u>.  Nothing in this

3  Stipulation, and Court's Order thereon, shall prevent or otherwise restrict the transmission or

4  communication of "Confidential" information or material between or among qualified recipients

5  of such material.

6      10.    <u>Sealing of Documents</u>.  Any party seeking to file with the court pleadings,

7  motions, or other documents that contain or annex "Confidential" information or material is

8  required to file a motion or application with the court to seal such records and to take whatever

9  other and further steps are necessary and required by the Court to comply with the requirements

10 of this paragraph and to file such pleadings, motions, or other documents under seal and in

11 accordance with United States District Court, California District, Local Rule 79-5.  Any question

12 concerning the admissibility or use of confidential information at trial shall be addressed by

13 further Court Order.

14     11.    <u>Court Proceedings</u>.  Pleadings, motions, or other documents to be filed with the

15 Court in this action that contain or annex "Confidential" information must be filed under seal and

16 in accordance with Paragraph 10 to this Stipulation, and Court's Order thereon.  Any court

17 hearing or other proceeding that refers to or describes "Confidential" information will be held in

18 camera in the Court's discretion.

19     12.    <u>Testimony</u>.  Notwithstanding any provision of this Stipulation, and Court's Order

20 thereon, to the contrary, a person examined as a witness at deposition may testify concerning all

21 "Confidential" information of which the person is the author, addressee or has knowledge.  If the

22 examination concerns "Confidential" information or material, the producing party will have the

23 right to exclude from that portion of the deposition concerning the "Confidential" information or

24 material any person other than the witness, the witness's attorney(s), and qualified recipients of

25 the "Confidential" information or material.

26     If the witness and/or his or her attorney is not a qualified recipient, then before the

27 examination commences, the witness and his or her attorney each will be requested to provide

28 written confirmation that he or she will comply with the terms of this Stipulation, and Court's

KANTOR & KANTOR, LLP
19839 NORDHOFF ST.
NORTHRIDGE, CA 91324

1  Order thereon, and maintain the confidentiality of the "Confidential" information or material
2  disclosed during the course of the interview or examination.  If the witness and/or his or her
3  attorney declines to provide written confirmation agreeing to the terms of the Stipulation, and
4  Court's Order thereon, the producing party has the right to adjourn the examination to promptly
5  seek a further protective order from the Court prohibiting the witness and/or his or her attorney
6  from disclosing the "Confidential" information or material.
7       Any court reporter who takes down testimony in this action, through interview,
8  examination, deposition or otherwise (collectively "deposition"), will be given a copy of this
9  Stipulation, and Court's Order thereon, and will be required to agree on the transcript of the
10  deposition, that he or she will not disclose any testimony and/or information revealed at the
11  deposition, except to the attorneys of record for the parties in this action or to such other
12  qualified recipients as the attorneys of record for the parties so designate in writing to the court
13  reporter.
14       Unless the parties reach a different written agreement prior to the deposition's
15  conclusion, the transcript, the original, and all copies of any deposition transcript, and exhibits,
16  will be initially considered as a whole to constitute "Confidential" information subject to this
17  Stipulation, and Court's Order thereon, and will be conspicuously marked as described below.
18  Any disputes over this designation, in whole or in part, will be resolved through the procedure
19  and in accordance with the burden of proof designated in Paragraph 6, above, for challenges to
20  the designation as "Confidential" information.
21       Once resolved, or if no challenge is made, the reporter will promptly conform the original
22  transcript, and counsel will conform their copies of the transcript in accordance with the agreed-
23  upon or resolved designation.  The portions designated as "Confidential" will thereafter be bound
24  in a separate booklet, conspicuously marked on the cover thereof with the words
25  "CONFIDENTIAL - SUBJECT OF PROTECTIVE ORDER" and shall be treated as
26  "Confidential" information or material subject to this Stipulation, and Court's Order thereon.
27       13.    <u>Attorneys' Actions</u>.  Nothing in this Stipulation, and Court's Order thereon, will
28  bar or otherwise restrict an attorney who is a qualified recipient from:

**KANTOR & KANTOR, LLP**
**19839 NORDHOFF ST.**
**NORTHRIDGE, CA 91324**

1         (a)      Rendering advice to his, her or its client(s) with respect to this action; or

2         (b)      Generally referring to or relying on his or her examination of documents that have been produced under this Stipulation, and the Court's Order thereon, and that contain "Confidential" information.

        14.    <u>No Waiver</u>.  The taking of, or the failure to take, any action to enforce the provisions of this Stipulation, and Court's Order thereon, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulation, and Court's Order thereon, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

        (a)      Is or is not relevant, material, or otherwise discoverable;

        (b)      Is or is not confidential or proprietary to any party;

        (c)      Is or is not entitled to particular protection; or

        (d)      Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

In making this claim or defense, the party must comply with the procedures described in this Stipulation, and Court's Order thereon.  This Stipulation, and Court's Order thereon, is entered without prejudice to the right of any party to apply to the Court at any time to modify the restrictions of any such Order, when convenience or necessity requires.  The procedures set forth in this Stipulation, and Court's Order thereon, will not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

        15.    <u>No Probative Value</u>.  This Stipulation, and Court's Order thereon, will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any "Confidential" information or material.  The fact that information or material has been designated as "Confidential" will not make it admissible during the trial of this action, absent a stipulation by the parties or a ruling by the Court as to its admissibility.  The fact that any information designated "Confidential" is or may be disclosed, used, or produced in

KANTOR & KANTOR, LLP
19839 NORDHOFF ST.
NORTHRIDGE, CA 91324

1  discovery or at the trial in this action, will not prohibit any party from asserting all objections and
2  privileges, including that the information:
3      (a)    Is or is not relevant, material, or otherwise admissible;
4      (b)    Is or is not confidential or proprietary to any party;
5      (c)    Is or is not entitled to particular protection; or
6      (d)    Embodies or does not embody trade secrets or confidential research,
7  development, or commercial information of any party.

8      Further, a party that receives material or information in this action that is designated as
9  "Confidential" may not use that material or information in any other legal proceeding or for any
10 purpose other than litigating the instant action, absent written consent from the disclosing party.

11     16.    <u>Return of Information and Materials</u>.  At the conclusion of this action, all
12 "Confidential" information or material will, within thirty (30) days of written request of the party
13 furnishing the information or materials, be delivered to the party that furnished the
14 "Confidential" information and material.  All "Confidential" information not embodied in
15 written materials, documents, or tangible items will remain subject to this Stipulation, and
16 Court's Order thereon.  For purposes of this paragraph, "conclusion of this action" shall mean, as
17 to any party, the dismissal of that party from this action by Order of Court, whether by
18 stipulation, Request for Dismissal, or other proceeding, or final judgment as against that party
19 after expiration of all appellate rights or the time for any such appeal.

20     In the event that any deposition transcript marked "CONFIDENTIAL –
21 SUBJECT OF PROTECTIVE ORDER" contains information or materials deemed confidential
22 by more than one party, the transcript shall be returned to the party first making request for
23 return of same.

24     17.    <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to make amendments,
25 modifications, deletions, and additions to the Order approving this Stipulation as the Court from
26 time to time considers appropriate.  The provisions of this Stipulation, and Court's Order
27 thereon, regarding the use or disclosure of information designated as "Confidential" information
28 or material will survive the termination of this action, and the Court will retain jurisdiction with

1  respect to this Stipulation, and Court's Order thereon.

2       18.    <u>Notices</u>.  Any of the notice requirements in this Stipulation and the Court's Order

3  entered thereon may be waived, in whole or in part, but only a writing signed by the attorney of

4  record for the party against whom such waiver is sought will be effective.

5       19.    <u>Amendments</u>.  The parties may amend this Stipulation, Court's Order thereon, in

6  writing and may seek to have the amendments entered by the Court as part of its Order.

7       20.    <u>Interpretation</u>.  This Stipulation has been negotiated at arm's length and between

8  and among persons sophisticated and knowledgeable in the matters dealt with in this Stipulation.

9  Accordingly, none of the parties hereto shall be entitled to have any provisions of the Stipulation

10  construed against any of the other parties hereto in accordance with any rule of law, legal

11  decision, or doctrine, such as the doctrine of contra proferendum, that would require

12  interpretation of any ambiguities in this Stipulation against the party that has drafted it.  The

13  provisions of this Stipulation shall be interpreted in a reasonable manner to effect the purposes of

14  the parties hereto and this Stipulation.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**KANTOR & KANTOR, LLP**
**19839 NORDHOFF ST.**
**NORTHRIDGE, CA 91324**

JOINT STIPULATION RE: PROTECTIVE ORDER            CASE NO. C10-05634 CW

- 10 -

21. <u>Binding on all Parties/Extension to Non-Parties</u>.  This Stipulation, upon entry as an Order of the Court, shall bind the parties represented by the undersigned counsel, the parties' agents, officers, directors, employees, and representatives who receive notice of this Stipulation, and Court's Order thereon, and all other parties who appear in this case during the course of this litigation.

Respectfully submitted,

Dated:  November 21, 2011       GORDON & REES LLP

By:   */s/ Tad A. Devlin*
Tad A. Devlin
Joel A. Morgan
Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY; OFFICE DEPOT TEMPORARY DISABILITY PLAN and OFFICE DEPOT LONG TERM DISABILITY PLAN

Dated:  November 21, 2011       KANTOR & KANTOR LLP

By:   */s/ Brent Dorian Brehm*
Brent Dorian Brehm
Corinne Chandler
Attorneys for Plaintiff
JOHN CAMPOLO

**ORDER**

Good cause appearing, the above Joint Stipulation Re: Protective Order Re: Confidentiality of Information, Documents and other Materials and Things Produced by Defendants is GRANTED.

DATED:   November 23, 2011

The Honorable Claudia Wilken
United States District Judge